UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM LEE HOOD                                                                                          PLAINTIFF

v.                                                                             CIVIL ACTION NO. 3:06-CV-192-S

BAKER HUGHES TOOL CO., INC. et al                                                              DEFENDANTS

### MEMORANDUM AND ORDER

The Court denied the plaintiff's motion to proceed *in forma pauperis* and ordered him to pay the filing fee within 20 days or face dismissal (DN 12). The plaintiff did not comply with the Court's order, and the Court dismissed his case without prejudice (DN 14). The plaintiff has now filed a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure (DN 15). In that mostly incomprehensible motion, the plaintiff references a 1987 settlement order, which he says he saw in a law library in 1995. He suggests that somehow that settlement order could be instrumental in payment of the filing fee in this action, by which, although not clear, he may mean having the defendants pay his filing fee.

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from judgment in six instances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reasons justifying relief from the operation of the judgment. The motion must be made within a reasonable time, and for reasons (1)-(3) not more than one year after the judgment, order, or proceeding was entered. Rule 60(b)(6) gives the Court broad authority to grant relief if justice requires; however, it can only do so in exceptional or extraordinary circumstances not addressed

by the first five clauses of the rule.  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988); *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991).  Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation."  *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

The plaintiff's claims regarding a 1987 "settlement order" do not set forth a basis for relief under Rule 60(b).  This Court's Order denying the plaintiff's motion to proceed *in forma pauperis* was the result of a prior Order of this Court requiring the plaintiff to seek the Court's permission to file a civil complaint *in forma pauperis* by showing that the contemplated action is not frivolous.  (*See* Order entered March 23, 1995, Civil Action No. 1:95CV-37-H.)  This prior Order was premised on the plaintiff's history in this Court as a vexatious litigant since 1995.  His Rule 60(b) motion reiterates arguments put forth in prior motions in this case and in many of the numerous other cases he has brought.  His motion offers no reason to grant relief under Rule 60(b).

Accordingly, **IT IS ORDERED** that the motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure (DN 15) is **DENIED**, and the Court will not consider any further similar motions from the plaintiff in this matter.

Date:


cc:     Plaintiff, *pro se*
4411.009